CALVIN ROSS

*vs.*

DIAMOND MATCH COMPANY

Waldo.    Opinion, December 17, 1953.

*Lorimer K. Eaton,* for plaintiff.

*McLean, Southard and Hunt,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J. WEBBER, J., did not sit.

MERRILL, C. J.   On motion.   This is an action to recover damages for breach of an implied warranty with respect to building materials sold by the defendant to the plaintiff. Trial was had at the January 1953 term of the Superior Court in and for the County of Waldo.  The jury returned a verdict for the plaintiff in the sum of $2,000.  At said term the defendant filed a general motion for a new trial on the usual grounds.  The case is now before this court upon said motion.

The action is brought to recover for breach of the implied warranty set forth in R. S. (1944), Chap. 171, Sec. 15, Par. I.  Said Paragraph I is as follows:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose

for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

For breach of the implied warranty set forth in said Paragraph I the buyer may accept or keep the goods and maintain an action against the seller for damages by the breach of warranty. R. S. (1944), Chap. 171, Sec. 69, Par. I, Subpar. B. The plaintiff kept and used the goods purchased and sues for breach of the implied warranty.

The plaintiff was about to construct a large chicken house on his farm in Troy, Maine. In the course of obtaining materials for the construction thereof he, together with his boss carpenter, went to the office of the defendant for the purpose of purchasing the same. He purchased from the defendant "Flintkote," a composition siding material which he subsequently used for the outside walls and roof of his chicken house.

In order to recover upon an implied warranty under R. S. (1944), Chap. 171, Sec. 15, Par. I the burden is upon the plaintiff to establish (1) that he made known to the seller the particular purpose for which the goods were required, (2) that he relied upon the seller's skill or judgment, (3) that he used the goods purchased for the particular purpose which he made known to the seller, (4) that the goods were not reasonably fit for the purpose disclosed to the seller, and (5) that he suffered damage by breach of the implied warranty.

When the buyer makes known to the seller the manner in which the goods are to be used for the particular purpose for which they are required, *such manner of use forms a part of the disclosed particular purpose for which the goods are required*. In such case the implied warranty that the goods shall be reasonably fit for the disclosed purpose

is conditioned upon their use in the manner disclosed by the buyer to the seller.

In this case the buyer disclosed to the seller that he intended to use the material purchased for the outside walls and roof of the proposed chicken house. He further disclosed that he intended to paint the outside walls of the chicken house. He also disclosed that he intended to cover the roof with a tar-like substance, called petrogum. Although the plaintiff covered the roof with the petrogum as disclosed to the defendant, he did not paint the outside walls of the chicken house as he stated he intended to do.

During the ensuing winter the "Flintkote" purchased pulled from the studding and exposed the chickens in the chicken house to the effects of the elements. The plaintiff claims that the pulling from the studding and the opening up of the "Flintkote" was due to its unfitness for use as an outside covering of the building. The defendant claims that had the "Flintkote" been used as proposed in the construction of a properly constructed building and then painted in accord with the declared purpose of the plaintiff, no damage would have occurred.

There was evidence of persuasive force that the loosening and opening of the "Flintkote" was due to the faulty construction and the faulty foundations of the chicken house. This, however, was a question of fact for the jury. However, there is no evidence from which it could be found that the "Flintkote" used upon the side walls of this building would not have been reasonably suitable for the particular purpose which the plaintiff disclosed to the defendant that the same was required, had the building been properly constructed and had the "Flintkote" been painted in accord with the plaintiff's disclosed purpose.

As to whether or not the material was reasonably suitable for use as roofing when covered with the petrogum we

neither express nor intimate an opinion. The jury must have included in the damages awarded a substantial though unascertainable sum to compensate the plaintiff for the defective side walls due to the opening and loosening of the unpainted "Flintkote" used thereon.

The plaintiff seeks to excuse his failure to paint the building because of a statement made to him as to the necessity therefor by a Mr. Boyd who was a representative of the company manufacturing "Flintkote." There is no evidence in the case from which it can be found that Mr. Boyd was the agent of the defendant, or that any statement that he made would excuse the plaintiff as between himself and the defendant from using the "Flintkote" in the particular manner in which he disclosed to the defendant that he intended to use the same when he discussed his purpose with the defendant. In other words, there is no evidence in the case from which a jury could find that the plaintiff was justified in not painting the side walls of his building in accord with his disclosed purpose.

The charge of the presiding justice is not made a part of the record nor printed therein. We must presume that the jury were properly instructed. As the record is barren of evidence that would justify a finding that the plaintiff used the "Flintkote" on the side walls of the buliding which he erected for the particular purpose for which the same was required and in the manner disclosed by him to the defendant, he can recover no damages based upon the unfitness of the "Flintkote" therefor. Damages based thereon in an unascertainable amount must have been included in the verdict.

The entry must be

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*